IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3257-BO

| | |
|---|---|
| BOBBY RAY GRADY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       O R D E R |
| | ) |
| CAREY WINDERS, et al., | ) |
| Defendants. | ) |

Plaintiff, a North Carolina state inmate, brought this action pursuant to 42 U.S.C. § 1983.

On May 18, 2012, the matter was allowed to proceed by court order after a review under 28

U.S.C. § 1983. On May 21, 2012, plaintiff filed his fourth motion to amend [D.E. 11]. Plaintiff

also filed a motion to subpoena documentary evidence [D.E. 18], a motion for removal [D.E. 19],

a motion for discovery [D.E. 25], a motion for clarification [D.E. 29], and a motion for a

temporary restraining order [D.E. 32].    Defendants filed a motion to dismiss based in part on

plaintiff's failure to exhaust [D.E. 20]. Defendants also filed a motion to quash plaintiff's motion

to subpoena documentary evidence [D.E. 26] and a motion to stay plaintiff's motion for discovery

[D.E. 30]. Each of these pending motions are ripe for determination.

A.    Motion to Amend [D,E, 11]

To begin, in the frivolity order this court stated the following:

Prior to conducting this frivolity review, plaintiff also filed three Motions to
Amend on January 19, 2012, February 14, 2012, and April 2, 2012 [D.E. 6-8].
A party may amend his pleading once as a matter of right, within 21 days after
service or 21 days after service of the responsive pleading Otherwise a party
may amend the pleading only by leave and leave shall be given when justice so
requires. Fed. R. Civ. P. 15 (a). No service has been made, nor has a
responsive pleading been filed. The court shall allow the Motions to Amend
[D.E. 6-8]. Therefore, the court conducts the frivolity review as to both the

original complaint, the Motions to Amend, and all other filings in this case. Fed. R. Civ. P. 10(c) (The papers attached to the filings intended to be the complaint or amended complaint are a part of the complaint and amended complaint.) *However, plaintiff is warned that he has now had his amendment as of right and should carefully consider each filing prior to submitting it with this court.*

[D.E. 9 (emphasis added)].

While the court is concerned about plaintiff's continued filings of motions to amend within this case, the motion to amend shall be allowed as it resolves defendants' motion to dismiss based on exhaustion.

B. Motion to Dismiss

    a. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Thus, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.

2

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

   b. Analysis

  The court turns to the motion to dismiss based on the failure to exhaust. The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the

3

courthouse doors closed until [administrative procedures] have run their course."); Johnson v.
Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

Plaintiff states that while the facility did have grievance procedures, he was not aware of
them [D.E. 7, "I have recently discovered that there is a grievance procedure . . . but upon entering
I was not advised of one are [sic] given an copy . ."] In the motion to amend, he states that he has
enclosed two grievances to "display that the grievance procedure at this facility is ineffective
[D.E. 11]." He continues that he has not received responses from the filed grievances. Id. He
also states that he only found out about the grievance procedures after he "informally" inquired
about such. Id. The grievances attached are dated "Hand copy mailed on 2-8-12" and "3-15-12."
This complaint was filed on December 9, 2011. Thus, plaintiff did not pursue any administrative
remedies filed through the prison grievance process prior to filing his complaint. As stated above,
this dooms the action, and the motion to dismiss is granted.

C.    Conclusion

For the above stated reasons, plaintiff's motion to amend [D.E. 11] is ALLOWED;
defendants' motion to dismiss [D.E. 20] is GRANTED and the case is DISMISSED. Having so
determined, all other pending motions [18, 19, 25, 26, 29, 30, and 32] are DENIED as MOOT.
The Clerk is DIRECTED to close the case. The dismissal is WITHOUT PREJUDICE.

SO ORDERED, this the **3** day of October 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE